# EXHIBIT "F"

EXHIBIT "F"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Elizabeth Lupia,<br><br>   Plaintiff,<br><br>v.<br><br>Medicredit, Inc.,<br><br>   Defendant. | Case No. 1:19-cv-1209-KMT |

**DEFENDANT MEDICREDIT, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUETS FOR ADMISSION TO DEFENDANT**

Defendant Medicredit, Inc. ("Defendant" or "Medicredit") hereby responds to Plaintiff's First Set of Requests for Admission pursuant to Fed. R. Civ. P. 36. These responses are made subject to, and without waiving or intending to waive, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's First Request for Admissions.

**PRELIMINARY STATEMENT**

The following responses are based upon information presently available to Defendant which Defendant believes to be correct. Said responses are made without prejudice to Defendant's right to utilize subsequently discovered facts. Defendant reserves the right to supplement each and every specific response. No incidental or implied admission of fact by Defendant is made by the responses below. The only admissions are express admissions. This Preliminary Statement is incorporate into each of the responses set forth below.

**OBJECTIONS AND RESPONSES TO REQUESTS**

1. Plaintiff sent Defendant a letter dated May 1, 2018 disputing the validity of the debt.

**RESPONSE: Medicredit admits that Plaintiff sent it a letter bearing the date May 1, 2018, purporting to dispute the validity of the debt at issue in this case. Medicredit denies any matter inconsistent with the terms of that letter, which speak for themselves.**

2. Plaintiff's May 1, 2018 letter requests that Defendant immediately cease all telephone calls regarding the debt.

**RESPONSE: Admit.**

3. Defendant placed a phone call to Plaintiff on May 8, 2018 in connection with the collection of the debt.

**RESPONSE: Admit.**

4. Defendant was required to provide Plaintiff with verification of the debt prior to placing the May 8, 2018 phone call to Plaintiff.

**RESPONSE: Deny.**

5. Defendant made no errors in connection with the collection of Plaintiff's account.

**RESPONSE: Objection: This request is vague and ambiguous as to the term "errors" and also presumes that Medicredit violated the FDCPA, which Medicredit denies. Subject to and without waiving these objections: Medicredit denies that any violation of the FDCPA occurred, but to the extent any violation is deemed to have occurred, Medicredit asserts any such violation, if any, was the result of a bona fide error.**

6. Defendant does not maintain procedures reasonably adapted to avoid the violation(s) of the Fair Debt Collection Practices Act alleged in Plaintiff's operative complaint.

**RESPONSE: Deny.**

7. A written contract or agreement exists that controls, directs, or otherwise relates to Defendant's performance in connection with the collection of Plaintiff's account.

**RESPONSE: Objection: this request is vague and ambiguous in that it is not clear what "written contract or agreement" it refers to.**

Dated: December 6, 2019	SPENCER FANE LLP

BY: *s/ Jacob F. Hollars*
Jacob F. Hollars, No. 50352
1700 Lincoln Street, Suite 2000
Denver, Colorado  80203
Telephone:  (303) 839-3800
Facsimile:  (303) 839-3838
E-mail:  jhollars@spencerfane.com

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading was served on all counsel of record via email on all counsel of record, this 6th day of December, 2019.

*s/ Jacob F. Hollars*
Jacob F. Hollars

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Elizabeth Lupia,<br><br>            Plaintiff,<br><br>v.<br><br>Medicredit, Inc.,<br><br>            Defendant. | Case No. 1:19-cv-1209-KMT |

## DEFENDANT MEDICREDIT, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Defendant Medicredit, Inc. ("Defendant" or "Medicredit") hereby responds to Plaintiff's First Set of Requests for Production pursuant to Fed. R. Civ. P. 34. These responses are made subject to, and without waiving or intending to waive, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's First Request for Production of Documents.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.    The following responses are based upon information presently available to Defendant which Defendant believes to be correct. Said responses are made without prejudice to Defendant's right to utilize subsequently discovered facts. Defendant reserves the right to supplement each and every specific response.

B.    No incidental or implied admission of fact by Defendant is made by the responses below. The only admissions are express admissions. The fact that Defendant has produced any documents requested herein may not properly be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by such request, or that such response

constitutes admissible evidence. The fact that Defendant has responded to part or all of any request for production is not intended to be and shall not be construed to be a waiver by Defendant of all or any part of any objection to any request for production made by Plaintiff.

C. Defendant objects to Plaintiff's instructions and definitions to the extent that they attempt to impose obligations upon Defendant beyond the requirements of the Federal Rules of Civil Procedure.

D. Defendant objects to Plaintiff's requests to the extent the requests call for the production of documents not in the custody or possession of Defendant and to the extent that they seek the production of documents which are as available, or are more available, to Plaintiff than to Defendant.

E. Defendant objects to Plaintiff's requests to the extent that they seek documents or information protected by the attorney-client privilege, documents or information prepared in anticipation of litigation or trial or which are within the protection of the work product doctrine, documents or information containing proprietary or confidential business information, and documents or information protected by any other privilege. To the extent the requests seek confidential or proprietary information, Defendant will produce the information only after execution of a mutually agreeable protective order.

F. To the extent Plaintiff requests any metadata for the requested documents, Plaintiff's requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the production of metadata that consists of or contains information protected by the attorney-client privilege and/or work product immunity. Defendant is not producing a log of privileged and/or immune metadata at this time, and Defendant objects to producing such a log at any time before a showing by

Plaintiff and ruling by the Court that metadata is relevant. In the absence of such a ruling, the creation of such a log – necessarily requiring Defendant and/or its counsel to review all such data – is an undue burden serving no purpose other than to drive up the cost of this litigation generally and discovery specifically.

G. Defendant objects to these requests to the extent that they are overly broad and not proportionate to the issues in this case. Specifically, most of Plaintiff's discovery is unreasonable and unduly burdensome considering the "needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B)(iii). Indeed, magistrates in this District are keenly aware of the disproportionate discovery that is often sought in these single plaintiff FDCPA cases and Defendant is confident that the Court would ultimately side with Defendant's position on these various issues due to their over-breadth.

H. This Preliminary Statement and General Objections are incorporated into each of the responses set forth below.

## OBJECTIONS AND RESPONSES TO REQUESTS

1. Any and all "account notes" as defined above.

**RESPONSE:** *See* **MC0001–MC0006, previously produced.**

2. All documents Defendant sent to or received from Plaintiff.

**RESPONSE:** *See* **MC0007–0028, previously produced.**

3. All documents Defendant sent to or received from any other person, including the creditor and any credit reporting agencies, mentioning Plaintiff or related to the collection of Plaintiff's account.

**RESPONSE: Objection: This request seeks information that is outside the scope of discovery in that it does not seek any information relevant to any party's claims or defenses and is not proportionate to the needs of this case. This request also seeks information subject to the attorney-client privilege in that it seeks communications between Medicredit**

3

**and its attorneys.  Subject to, and without waiving, these objections:  Medicredit did not send any information to any credit reporting agencies.**  *See* **Account Notes previously produced as MC0001–MC0006.  No non-privileged documents responsive to this request have been withheld.**

4. All recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and Plaintiff.

**RESPONSE:**  *See* **Account Notes, previously produced as MC0001–0006, correspondence from Thompson Consumer Law Group, previously produced as MC0007–0020, correspondence from Plaintiff, previously produced as MC0021–0025, correspondence from Medicredit to Plaintiff, previously produced as MC0026–0028, and Call History, produced herewith MC0029.**

5. All recordings, copies, transcriptions, or productions, or other documents fixated in any medium, of communications or conversations, or attempted communications or conversations, between Defendant and any other person related to Plaintiff's account.

**RESPONSE:  Objection:  This request seeks information subject to the attorney-client privilege in that it seeks communications between Medicredit and its attorneys.  Subject to and without waiving this objection:  None.  No non-privileged documents responsive to this request have been withheld.**

6. All other documents relating to Plaintiff's account, including all documents that contain Plaintiff's name, address, telephone number, account number, or any other information which is personally identifiable to Plaintiff.

**RESPONSE:**  *See* **MC0001–0028, previously produced, and Call History, produced herewith as MC0029.**

7. All documents related to any error that Defendant made, if any, in connection with the collection of Plaintiff's account.

**RESPONSE:  Medicredit does not concede a violation of the FDCPA occurred.  To the extent a violation of the FDCPA occurred, which Medicredit denies, the Account Notes, previously produced as MC0001–0006, the initial written notice, previously produced as MC0026–0027, and correspondence dated May 16, 2018, previously produced as MC0028, may be responsive to this request.  Defendant reserves the right to supplement this response.**

8. All documents related to any policies and/or procedures utilized by Defendant in effort to avoid the error or errors referenced in the previous request, and all documents related to how such policies or procedures are implemented and maintained.

4

**RESPONSE:** No policies related to reliance on information provided by the original creditor. *See* Account Notes previously produced as MC0001–0006.

9. Any and all documents referred to by Defendant in its Rule 26 disclosures, or identified in response to any of Plaintiff's interrogatories, and not previously disclosed and not disclosed in response to any other request for production.

**RESPONSE:** *See* MC0001–0028, previously produced, and Call History, produced herewith as MC0029.

Dated: December 6, 2019                          SPENCER FANE LLP

                                                                 BY:  *s/ Jacob F. Hollars*
                                                                        Jacob F. Hollars, No. 50352
                                                                        1700 Lincoln Street, Suite 2000
                                                                        Denver, Colorado  80203
                                                                        Telephone:  (303) 839-3800
                                                                        Facsimile:  (303) 839-3838
                                                                        E-mail:  jhollars@spencerfane.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading was served on all counsel of record via email on all counsel of record, this 6th day of December, 2019.

*s/ Jacob F. Hollars*
Jacob F. Hollars

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Elizabeth Lupia,<br><br>      Plaintiff,<br><br>v.<br><br>Medicredit, Inc.,<br><br>      Defendant. | Case No. 1:19-cv-1209-KMT |

## DEFENDANT MEDICREDIT, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant Medicredit, Inc. ("Defendant" or "Medicredit") hereby responds to Plaintiff's First Set of Interrogatories pursuant to Fed. R. Civ. P. 33. These answers are made subject to, and without waiving or intending to waive, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's First Set of Interrogatories.

### PRELIMINARY STATEMENT AND GENERAL OBJECTION

A. The following answers are based upon information presently available to Defendant which Defendant believes to be correct. Said answers are made without prejudice to Defendant's right to utilize subsequently discovered facts. Defendant reserves the right to supplement each and every specific answer.

B. No incidental or implied admission of fact by Defendant is made by the answers below. The only admissions are express admissions. The fact that Defendant has answered in part or all of any interrogatory is not intended to be and shall not be construed to be a waiver by Defendant of all or any part of any objection to any interrogatory made by Plaintiff.

C. Defendant objects to Plaintiff's instructions and definitions to the extent that they attempt to impose obligations upon Defendant beyond the requirements of the Federal Rules of Civil Procedure.

D. Defendant objects to Plaintiff's interrogatories to the extent that they seek information protected by the attorney-client privilege, information prepared in anticipation of litigation or trial or which are within the protection of the work product doctrine, information containing proprietary or confidential business information, and information protected by any other privilege. To the extent the interrogatories seek confidential or proprietary information, Defendant will produce the information only after the execution of a mutually agreeable protective order.

E. Defendant objects to these interrogatories to the extent that they are over the numerical limitation set forth in Fed. R. Civ. P. 33(a)(1), which allows a party to serve "no more than 25 written interrogatories, including all discrete subparts."

F. Defendant objects to many of the interrogatories on the basis that they are overly broad and not proportionate to the issues in this case. Specifically, most of Plaintiff's discovery is unreasonable and unduly burdensome considering the "needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B)(iii). Indeed, magistrates in this District are keenly aware of the disproportionate discovery that is often sought in these single plaintiff FDCPA cases and Defendant is confident that the Court would ultimately side with Defendant's position on these various issues due to their over-breadth.

G. The Preliminary Statement and General Objections are incorporated into each of the answers set forth below.

## OBJECTIONS AND ANSWER TO INTERROGATORIES

1. Identify each person answering or providing any information used to prepare Defendant's initial (or any subsequent) disclosures or respond to the operative complaint and Plaintiff's discovery requests.

**ANSWER: Don Wright, Senior Vice President.  Mr. Wright may be contacted through undersigned counsel.**

2. Identify and describe all documents referred to, or consulted, in the preparation of Defendant's answer(s), Defendant's responses to Plaintiff's discovery requests, and Defendant's initial (or any subsequent) disclosures.

**ANSWER:** *See* **MC0001–0028 previously produced, and Call History, produced herewith as MC0029.**

3. Identify and describe each document known to Defendant related to Plaintiff's account.

**ANSWER:** *See* **MC0001–0028 previously produced, and Call History, produced herewith as MC0029.**

4. Identify all persons who participated in Defendant's activities related to Plaintiff's account and briefly describe the extent of their participation.

**ANSWER:** *See* **Account Notes, previously produced as MC0001–0006 and Call History, produced herewith as MC0029.  Pursuant to F.R.C.P. 33(d), a review of these records is responsive to this interrogatory.**

5. Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and Plaintiff.

**ANSWER:  Plaintiff never spoke with a representative of Medicredit.** *See also* **Account Notes, previously produced as MC0001–0006, correspondence from Thompson Consumer Law Group, previously produced as MC0007–0020, correspondence from Plaintiff, previously produced as MC0021–0025, correspondence from Medicredit to Plaintiff, previously produced as MC0026–0028, and Call History, produced herewith as MC0029.. Pursuant to F.R.C.P. 33(d), a review of these records is responsive to this interrogatory.**

6. Identify the date, time, and type (e.g., letter, telephone call), witnesses to and participants in, and the substance of each communication or contact, or attempted communication or contact, between Defendant and any third party, including any credit reporting agencies, related to Plaintiff's account.

**ANSWER:** *See* **Account Notes, previously produced as MC0001–0006, correspondence from Thompson Consumer Law Group, previously produced as MC0007–0020, and Call**

3

**History, produced herewith as MC0029. Pursuant to F.R.C.P. 33(d), a review of these records is responsive to this interrogatory.**

7. For each document received by Defendant from the creditor of Plaintiff's account, produced in response to any Request for Production, identify the date on which Defendant first received each document.

**ANSWER:** *See* **Account Notes, previously produced as MC0001–0006. Pursuant to F.R.C.P. 33(d), a review of these records is responsive to this interrogatory. Medicredit reserves the right to supplement with additional documents from the original creditor.**

8. Identify all agreements between Defendant and the creditor originating or owning Plaintiff's account by providing the date of the initial agreement and identifying the terms and/or conditions pursuant to which Defendant sought to collect Plaintiff's account.

**ANSWER: Objection: This interrogatory seeks information that is outside the scope of discovery in that it does not seek any information relevant to any party's claims or defenses and is not proportionate to the needs of this case. This interrogatory also seeks information that is a proprietary or confidential trade secret.**

9. Has Defendant recorded any communications or conversations, or attempted communications or conversations, with Plaintiff and/or third parties in connection with Defendant's activity related to Plaintiff's account? If yes, has Defendant retained the recordings? If the recordings have not been maintained, please explain the reason for their disposal.

**ANSWER: No.**

10. At the time Plaintiff's account was assigned to Defendant for collection, please identify and describe the amount allegedly owed by Plaintiff on the debt, itemizing the principal balance, interest, and any other charges. With regard to interest and other charges, please describe the basis therefore and how such amount as calculated.

**ANSWER:** *See* **Account Notes at MC0001, previously produced. Pursuant to F.R.C.P. 33(d), a review of these records is responsive to this interrogatory. Medicredit reserves the right to supplement with additional documents from the original creditor.**

11. Does Defendant contend that it committed any error in connection with the collection of Plaintiff's account? If so, identify and describe the error or errors.

**ANSWER: Medicredit does not concede any violation of the FDCPA occurred. To the extent any violation is deemed to have occurred, which Medicredit denies, any violation would have been the result of incorrect information provided by the original creditor. Medicredit was entitled to rely on the information provided by the original creditor until it received information indicating that information may be incorrect.**

12. Identify and describe all policies and procedures utilized and/or employed by Defendant in effort to avoid the error or errors described in the previous interrogatory, if any, and describe how any such policies or procedures have been implemented and maintained by Defendant.

**ANSWER:  No written policies or procedures related to the answer to interrogatory no. 11 above need exist and do not exist as they are related to reliance on information provided by the original creditor.**

13. Please state in detail the principal facts upon which Defendant relies for each affirmative defense included in Defendant's answer to Plaintiff's complaint.

**ANSWER:  Objection:  This interrogatory is overly broad and unduly burdensome in that it seeks all "principal facts" supporting all of Medicredit's affirmative defenses.  Such an interrogatory is an impermissible "blockbuster" interrogatory.  *See Grynberg v. Total S.A.*, 2006 WL 1186836 (D. Colo. 2006).  This interrogatory also calls for information subject to the work product doctrine in that it seeks the mental impressions and strategy of Medicredit and its counsel.  Subject to, and without waiving, these objections:  *See* answer to interrogatory no. 11 above.**

14. Identify and describe the purpose(s) for Defendant's May 8, 2018 call to Plaintiff.

**ANSWER:  Medicredit was attempting to reach Plaintiff.**

Dated: December 6, 2019  SPENCER FANE LLP

BY: *s/ Jacob F. Hollars*
    Jacob F. Hollars, No. 50352
    1700 Lincoln Street, Suite 2000
    Denver, Colorado  80203
    Telephone:  (303) 839-3800
    Facsimile:  (303) 839-3838
    E-mail:  jhollars@spencerfane.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading was served on all counsel of record via email on all counsel of record, this 6th day of December, 2019.

*s/ Jacob F. Hollars*
Jacob F. Hollars